IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Shaneka Sharday Flournoy, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:24-cv-3217 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Plastic Omnium, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Shaneka Sharday Flournoy, proceeding *pro se* and *in forma pauperis* (ECF No. 7), filed this action on May 28, 2024. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On June 6, 2024, the magistrate judge issued an order, granting Plaintiff twenty-one (21) days to bring her case into proper form. (ECF No. 6). He advised her that failure to comply with the order may result in a recommendation that her case be dismissed. *Id*. at 1. The Clerk's Office mailed the order to Plaintiff at her last known address, (ECF No. 8), and it was not returned to the court as undeliverable. Therefore, she is presumed to have received it.

Nevertheless, Plaintiff failed to comply with the order. Accordingly, on July 3, 2024, the magistrate judge issued another order, granting Plaintiff an additional ten (10) days to bring her case into proper form. (ECF No. 10). He again warned her that failure to comply with the order may result in her case being dismissed. *Id.* at 1. The Clerk's Office mailed this order to Plaintiff at her last known address, (ECF No. 11), and it was not returned as undeliverable.

Despite the warnings in the aforementioned orders, Plaintiff failed to respond to either. Therefore, on July 19, 2024, the magistrate judge issued his report and recommendation ("Report"), recommending the undersigned dismiss this action without prejudice, without leave to amend, and without issuance and service of process due to Plaintiff's failure to comply with court orders. (ECF No. 14). The magistrate judge advised Plaintiff of her right to file objections to the Report. *Id*. at 6.  The Report was also mailed to Plaintiff at the address she provided to the court, (ECF No. 16), and has not been returned as undeliverable. Plaintiff is, therefore, presumed to have received it.  Nevertheless, she has failed to file objections, and the time in which to do so has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).  Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report, (ECF No. 14), which is incorporated herein by reference. Accordingly, this action is dismissed without prejudice, without leave to amend, and without issuance and service of process. The Clerk of Court shall mail a copy of this order to Plaintiff at her last known address provided to the court.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
August 13, 2024

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3